**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ESTEBAN RIVERA-LEBRON, | : |
| Petitioner, | : Civil No. 04-5938 (RBK) |
| v. | : |
| JONATHAN C. MINER, Warden, | : **O P I N I O N** |
| Respondent. | : |

**APPEARANCES:**

Esteban Rivera-Lebron, <u>Pro Se</u>          Paul A. Blaine
#20343-069                              Asst. U.S. Attorney
Federal Correctional Institution        Office of the U.S. Attorney
P.O. Box 420, HA-R                      Camden Federal Building
Fairton, NJ 08320                       401 Market Street, 4th Fl.
                                        Camden, NJ 08101
                                        Attorney for Respondent

**KUGLER**, District Judge

On December 1, 2004, Petitioner, confined at the Federal Correctional Institution, Fairton, New Jersey, submitted for filing to the Clerk of this Court a petition, construed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On March 7, 2005, Respondent filed a Response to the Petition. The Court has reviewed all documents submitted. For the following reasons, the Court will dismiss the petition for lack of jurisdiction, and grant Petitioner leave to file a civil complaint.

## BACKGROUND

Petitioner was convicted in the United States District Court for the District of Puerto Rico of various drug charges and sentenced to 270 months incarceration. According to the record provided by Respondent, on April 18, 2002 at MDC Guaynabo in Puerto Rico, an officer monitoring telephone calls noticed an inmate calling an unknown female and passing information back and forth to another inmate, identified as Petitioner. Petitioner was on telephone restriction at the time due to a previous violation. The telephone conversation was recorded. Petitioner was charged and found guilty of offense code 397, use of the telephone for abuses other than criminal activity.

The record reflects that Petitioner was given notice of the charge via a copy of an Incident Report on April 18, 2002. On April 22, 2002, Petitioner was informed of his rights. He waived staff representation and requested no witnesses in his defense.

A hearing was conducted by a Disciplinary Hearing Officer ("DHO") on May 2, 2002. Petitioner denied the charge, stating that his wife had been shot eight days earlier, and although he had been permitted to call her the day after the shooting, he wanted to check on her again. He stated that the inmate placing the call for him knew his mother-in-law and called her for Petitioner. The DHO found that Petitioner violated code 397, based on the reporting officer's account, and the recording of

the telephone conversation which revealed: (1) Petitioner's voice could be overheard before the actual connection; (2) the inmate who called Petitioner's mother-in-law did not know her, and introduced himself to her and said he was calling for Petitioner; (3) the exchange on the telephone between the inmate and Petitioner's mother-in-law concerned Petitioner's wife's health; (4) that the inmate repeated Petitioner's words, word-by-word to the mother-in-law, who responded, and Petitioner replied back and forth.  The DHO also noted that this was Petitioner's third telephone-related violation and that Petitioner had been "advised of alternatives" to telephone calls in case of emergency. Petitioner was sanctioned to 36 months telephone restriction, from March 16, 2003 through October 23, 2005, and placed in disciplinary segregation for 15 days.

    Petitioner appealed the findings and sanctions to the Regional Director and the Central Office of the Bureau of Prisons.  The findings and sanctions were affirmed and his appeals were denied.

    Petitioner filed the instant Petition, labeled a "writ of mandamus" on December 1, 2004, and asked the court to vacate and expunge the violation and sanctions.  This Court construed the Petition as a Petition for a writ of habeas corpus, and ordered Respondent to answer the allegations and provide the record. Respondent did so on March 7, 2005.

**DISCUSSION**

**A.    Standard of Review**

Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Title 28 of the United States Code, section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.      The Petition Will Be Dismissed for Lack of Jurisdiction.**

The record provided by Respondent demonstrates that the only sanctions received by Petitioner for the telephone abuse charge were loss of telephone privileges for 36 months and fifteen days in disciplinary segregation.  Because "no matter what the outcome of [Petitioner's] habeas petition, neither the fact nor the length of his incarceration will be affected," habeas relief is unavailable to Petitioner.  See Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002)(unpubl.).

The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas"– the validity of the continued conviction or the fact or length of the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  For example, in Bronson, Petitioner brought habeas petitions to challenge the constitutionality of administrative decisions which placed him in a prison restricted housing unit.  See Bronson, 56 Fed. Appx. at 552.  The court of appeals rejected Petitioner's argument that he may challenge the conditions of confinement in a habeas petition, since no matter what the outcome of the habeas petition, the fact

or length of Petitioner's incarceration would not be affected. See id. at 554.

Also, in Jamieson v. Robinson, the Court of Appeals for the Third Circuit noted that the relief requested by Petitioner "would not serve to diminish the length of his incarceration," but rather sought "only to alter the conditions of his confinement."  641 F.2d 138, 141 (3d Cir. 1981).  The court of appeals followed United States Supreme Court precedent in Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), to note that the district court was incorrect in finding that Petitioner's claims challenging the availability of work release programs in prison sounded in habeas.  See Jamieson, 641 F.2d at 141.  The court of appeals found that despite this error, Petitioner's claims were subject to dismissal.  See id.

Likewise, in Sinde v. Gerlinski, the district court found that claims concerning the number of telephone calls a prisoner is permitted to make relate to the conditions of prison life, and should be raised by a civil rights action, not in a habeas petition.  See 252 F. Supp.2d 144, 148 (M.D. Pa. 2003)(citing Leamer, 288 F.3d at 541).

In the instant habeas petition, Petitioner asks only that the disciplinary finding of guilt and corresponding sanctions be expunged or vacated.  The finding resulted only in loss of telephone privileges and disciplinary segregation.  Because these

claims concern conditions of prison life, not the fact or duration of his incarceration, Petitioner's claims should be brought in an action under the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.

As this Court originally construed the petition as one asserting habeas relief, the Court will grant Petitioner 30 days leave, from the date of entry of the order accompanying this opinion, to inform the Court if he wishes to proceed with his case as a civil action under the Declaratory Judgments Act.  If Petitioner wishes to proceed as such, he would be subject to the $250.00 filing fee or may apply to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.  Petitioner's action would also be subject to sua sponte screening under 28 U.S.C. §§ 1915(e)(2)(B) and/or 1915A(b).[1]

---

[1] The Court notes that from the facts alleged by Petitioner, it appears that a claim that his telephone sanction was unconstitutional would be without merit.  Inmates have a right protected under the First Amendment to communicate with their family and friends, including reasonable access to the telephone.  See Owens-El v. Robinson, 442 F. Supp. 1368, 1386 (W.D. Pa. 1978), aff'd in part and vacated in part on other grounds sub nom., Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754 (3d Cir. 1979).  Nonetheless, inmates' rights to communicate, even with legal counsel, are not unlimited.  Prison officials can limit communications, particularly telephone communications, to ensure, safety, security, and the orderly operation of their institution.  See Griffin-El v. MCI Telecommunications Corp., 835 F. Supp. 1114, 1122-23 (E.D. Mo. 1993), aff'd, 43 F.3d 1476 (8th Cir. 1994).

In the instant case, Petitioner does not indicate that he has been unable to place telephone calls at all, or that he has been unable to communicate with his family by other means.  Because he does not argue that he has been deprived of his right to communicate with his counsel or family, Petitioner fails to

7

**C.  Alternatively, Petitioner's Disciplinary Hearings Comported with Due Process Requirements.**

Even if this action were to be construed as a habeas petition under 28 U.S.C. § 2241, the Court finds that Petitioner would not be entitled to relief.  Petitioner alleges that the DHO erred in making his finding of guilt, and that he was not properly provided discovery.  Although dismissing the case for lack of jurisdiction, the Court alternatively notes that a review of the record indicates that Petitioner's disciplinary hearings did not violate his due process rights.

The Due Process Clause of the Fourteenth Amendment provides that liberty interests of a constitutional dimension may not be rescinded without certain procedural protections.  U.S. CONST. amend. XIV.  In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court set forth the requirements of due process in prison disciplinary hearings.  An inmate is entitled to (1) written notice of the charges and no less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff,

---

state a First Amendment violation, and this claim appears to be subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and/or 1915A(b)(1).

8

418 U.S. at 563-71.  An inmate is also entitled to an inmate representative in some cases, and a written decision by the factfinder as to evidence relied upon and findings.  See Von Kahl v. Brennan, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994)(citing Wolff, 418 U.S. at 563-72).

Further, procedural due process is not satisfied "unless the findings of the prison disciplinary board are supported by some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454-55 (1985); Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991).  The Supreme Court has stated:

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances.  The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.  Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

Hill, 472 U.S. at 456 (internal citations omitted).  Moreover, the Court stated:  "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.  Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing."  Id. at 457.

In the instant case, procedural requirements were met and the DHO had at least "some evidence" to find Petitioner guilty of

9

the charges.  Thus, this Court finds that Petitioner's right to due process was not violated by the determination of the DHO.

## **CONCLUSION**

Based upon the foregoing, the instant petition for a writ of habeas corpus will be dismissed.  Petitioner will be granted leave to convert this action to a civil action.  An appropriate Order accompanies this Opinion.


                                                        S/Robert B. Kugler  
                                                        ROBERT B. KUGLER  
                                                        United States District Judge

Dated:   May 10, 2005